CLIFF HOOFMAN, Justice, concurring. While I agree with the result reached in this case, I disagree with the majority’s analysis on the first two points on appeal, as I do not believe that the language in Ark.Code Ann. § 7-5-111 (Supp.2013) is clear and unambiguous. Thus, I respectfully concur. A statute is ambiguous if it is open to more than one construction or if it is of such obscure and doubtful meaning that reasonable minds could disagree or be uncertain as to its meaning. City of Man-melle v. Jeffrey Sand Co., 353 Ark. 686, 120 S.W.3d 55 (2003). “Where |7a statute is ambiguous, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject.” Id. at 694, 120 S.W.3d at 59. Applying these rules of construction to the facts in the instant case, I agree with Roberson that the language in Ark.Code Ann. § 7-5-111 is ambiguous. Roberson contends that the phrase “more than one” in the statute modifies all three levels of office — state, county, and municipal. Thus, he asserts that the statute should be interpreted to mean that a person is prohibited from running for more than one state, more than one county, or more than one municipal office if the election is to be held on the same date. He also introduced testimony from Commissioner Allen Martin and Representative Chris Richey that they agreed with Roberson’s interpretation of the statute. Therefore, the language in Ark.Code Ann. § 7-5-111 is open to more than one construction and is ambiguous. The fact that there are multiple members of this court who reach quite different conclusions from what they assert is clear and unambiguous language in this statute is further convincing evidence that the statute is indeed ambiguous. However, I would' affirm the circuit court’s ultimate finding that Roberson was disqualified from running for both positions pursuant to the statute. Although Roberson introduced testimony from Representative Richey that the legislature intended the statute to read as suggested by Roberson, the legislative history itself does not support Roberson’s argument. By agreement of the parties, the transcripts of the committee hearing and of the regular session of the House of Representatives at which Act 1471 was passed were introduced into evidence. These transcripts indicate that Representative James Word, who introduced the bill, intended for this law to prohibit someone from running for and winning more than one elected position, and if they are then unable or choose not to serve in one of these positions, the municipality would have to suffer the financial burden of holding a special election. Based on this transcript, Roberson argues that “there is no legislative intent to prohibit holding all dual offices but, only where the dual office is already improper by statute or doctrine of incompatibility and thus potentially causing a special election.” However, regardless of the specific situations for which the law was intended, Ark.Code Ann. § 7-5-111 as written does not contain any of the qualifications or limitations argued by Roberson. In fact, the title of Act 1471 clearly states that it is “AN ACT TO PREVENT CANDIDATES FROM RUNNING FOR MORE THAN ONE (1) OFFICE UNDER CERTAIN CIRCUMSTANCES; AND FOR OTHER PURPOSES.” The language in the statute describes these “certain circumstances,” which occur when the election for multiple positions is held on the same date. In addition, Representative Word stated when introducing the bill in committee that “this particular bill simply prevent[s] a person to appear on the same ballot for two separate positions at any given time.” Thus, I agree with the circuit court’s interpretation of the statute, and I would affirm on this basis.